UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x   14 Civ 9809(CM)(RLE)
Gary Hill

**FIRST AMENDED COMPLAINT**

Plaintiff,

**TRIAL BY JURY DEMANDED**

-against-

Bloomberg L.P.

Defendants.

------------------------------------------------------------x

Plaintiff, GARY HILL, ("plaintiff") by his attorney, Kenneth W. Richardson for his Complaint against defendants, alleges the following:

1.   This is a civil rights action for declaratory relief, equitable relief, and monetary relief including back pay, front pay, compensatory and punitive damages, attorney's fees and other relief to redress discrimination in the terms and conditions of employment, based on plaintiff's age, race and gender.

2.   Plaintiff files this action pursuant to the Age Discrimination in Employment Act of 1967, Pub. L. No. 90-202, 81 Stat. 602 (Dec. 15, 1967), codified as Chapter 14 of Title 29 of the United States Code, 29 U.S.C. § 621 through 29 U.S.C. § 634 (ADEA).  Plaintiff also files this action in violation of federal, state and local New York City laws pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000*e et seq.,* 42 U.S. Code § 1981, the New York State Executive Law § 296 *et seq.*, and the New York City Administrative Code Title 8, § 8-107 *et seq.,* Plaintiff also brings this action under the Fair

1

Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), FLSA, 29 U.S.C. § 216(b), under the New York Labor Law ("New York Labor Law" or "NYLL'') Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor Regulations, N.Y. Comp. Codes R. & Regs. ("N.Y.C.R.R.") title 12, Part 142.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 1337, 1343; and supplemental and pursuant jurisdiction over state law claims pursuant to U.S.C. § 1367.

4. In addition, the Court has jurisdiction over Plaintiffs claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. Bloomberg's offices are located at 731 Lexington Avenue, New York, NY and is subjected to personal jurisdiction in New York.

6. Virtually all of the acts and events and omissions giving rise to this action as set forth herein occurred in the Southern District.

7. Plaintiff timely pursued all applicable administrative remedies, including the filing of a claim with the Equal Employment Opportunity Commission and including his Rebuttal Statement. On or about September 12, 2014 a Notice of Right to Sue was issued and which was received by plaintiff on or about September 16, 2014. This action is commenced within the 90 day requirement of the receipt of the right to sue letter. Plaintiff contends the discrimination described herein to be continuous.

**PARTIES**

8.  Plaintiff, Gary Hill is a resident of New York State. His race is Black, he is over the age of 40 years and his gender is male.

9.  Plaintiff was an employee of Bloomberg from on or about November 30, 1998 until he was terminated on or about June 4, 2013.

10. At all relevant times herein plaintiff was an "employee" of defendants within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000*e et seq.,* the New York State Executive Law §296 *et seq.*, and the New York City Administrative Code Title 8, §8-107 *et seq.,*

11. During his employment with Bloomberg, Plaintiff has worked as a Payroll Analyst and a Global Mobility Analysis in the Human Resources Department.

12. Plaintiff met the definition of employee under applicable law, and he was not subject to any applicable exemptions or exclusions under applicable law, including, but not limited to, those in an executive, administrative, or professional role.

**Discrimination Allegations**

13. Plaintiff was employed as a Global Mobility Analyst in Human Resources at the time of his termination in June 2013.

14. On or about September 26, 2012, Plaintiff was issued a performance warning letter.

15. The disciplinary action was in reference to Plaintiff's performance on an assignment regarding relocation expenses that Plaintiff was directed to carry out in a

particular manner by his supervisor, Andrea David – Global Mobility Manager, and which he did carry out such assignment in the exact manner as instructed by Ms. David.

16.     Plaintiff made it a point to ask Ms. David what manner of calculation she wanted him to use in carrying out this assignment, as there was more than one way to go about it.

17.     Plaintiff carried out the assignment as instructed but, as it turned out, the method plaintiff was told to use resulted in missing relocation expense data. This was due to Plaintiff being instructed by the supervisor to follow a new reconciliation process rather than being allowed to take the proper time required to prepare the report and continue using the process Plaintiff had used in four prior years with no discrepancies in the data.

18.     Plaintiff was blamed for this and, despite 15 years of satisfactory performance, began to receive write-ups critical of his work and began to suddenly be increasingly harassed regarding his work.

19.     As a result, Plaintiff was terminated on or about June 2, 2015.

20.     At the time of his termination, Plaintiff was the only Black male in the Human Resources Department. There were two Black females in the Department.

21.     A White Female committed an error that was just as severe if not more severe than any error Plaintiff was accused of making. That employee failed to pay FICA tax on H1-8Visa employees. Ms. David's comment regarding the error was that the employee could not be responsible for everything. No action was taken against the employee.

22.     Plaintiff was fired so that he could be, and was replaced by a younger employee who is Caucasian.

23.     That same employee had responsibility for an interface between the payroll

4

system and an outside vendor.  When problems developed, that employee was not blamed and no action was taken against her. No employees who were not Black, were under 40 years of age or female were treated in the manner Plaintiff was treated as described above and as described in his rebuttal statement with the EEOC.

### Other Discrimination Claims

24. On one occasion Plaintiff was blamed for an employee deciding not to relocate. This was evident in an email sent by Plaintiff's supervisor, Ms. David to the global head of HR.  In essence, the email stated that due to Plaintiff's lack of good judgment the employee was now considering refusing to relocate.

25. Plaintiff was blamed for not knowing that a vendor's front end system did not automatically interface with their back end system.

26. Plaintiff was blamed for an issue involving bad data on reports generated by the vendor even though the interface created by Plaintiff worked perfectly and without error.

27. On a day that she was not at work, Plaintiff's supervisor, Ms. David, had another employee prepare a report for a meeting even though Plaintiff was Ms. David's backup. That other employee was White and female. Plaintiff was eventually called upon to prepare the report when the White female employee could not prepare the report and came to Plaintiff for assistance. That employee questioned why she was called upon the prepare the report instead of Plaintiff.

28. Plaintiff was excluded from meetings and not given the full opportunity to meet with department heads.

29. Plaintiff took disability leave from September 2012 through November 2012. When he returned he was told that he had cost the company a lot of money. No employees

who were not Black, were under 40 years of age or female were treated in the manner Plaintiff was treated as described above and as described in his rebuttal statement to the EEOC.

### Overtime Claims

30. Plaintiff received a fixed annual salary regardless of the number of hours that he worked.

31. Plaintiff worked more than forty (40) hours during many workweeks.

32. Defendant failed to pay Plaintiff at the premium overtime rate of time and one-half for all hours that he worked over forty (40) in a given workweek.

33. Defendant did not keep accurate records of hours worked by Plaintiff.

34. Defendant did not pay Plaintiff spread-of-hours pay for shifts in excess of ten (10) hours.

35. Upon information and belief, defendant Bloomberg is a Delaware Limited Partnership.

36. Bloomberg maintains its principal place of business at 731 Lexington Avenue, New York, New York and regularly transacts business in this District. Bloomberg describes itself as business "quickly and accurately delivering data, news and analytics through innovative technology."

37. Upon information and belief, Bloomberg has the power to hire and fire employees, including Plaintiff, direct their work, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of their employment. Upon information and belief, at all times relevant, Bloomberg had the power to stop the illegal pay practices described herein.

38. Bloomberg is a covered employer within the meaning of Title VII, The New York State Human Rights Law and the New York City Administrative Code.

39. Bloomberg is a covered employer and/or enterprise engaged in commerce or in the production of goods for commerce as applicable within the meaning of the FLSA and the NYLL and at all times relevant, employed Plaintiff and similarly situated employees and failed to pay them for all compensable hours worked.

40. Upon information and belief, at all pertinent times during the FLSA Period, Defendant authorized a misclassification of Plaintiff, as FLSA exempt and have, as a matter of policy, denied him overtime premiums for hours worked in excess of forty (40) hours in a workweek.

41. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff.

42. Plaintiff, in his position as Global Mobility Analyst, meets the definition of employee under federal and state law, and is not subject to any exemptions or exclusions under applicable law including, those in executive, administrative, or professional roles.

43. Upon information and belief, at all times during the NYLL Period, Defendant as a matter of common practice or policy authorized a misclassification of Plaintiff, as exempt from the FLSA and the NYLL and have, as a matter of policy, denied him overtime premiums for hours worked in excess of forty (40) hours in a workweek, and spread-of-hours pay for days on which he worked more than ten (10) hours and/or when there was a split shift.

44. Plaintiff under the NYLL has not been paid premium overtime wages for the hours that he has worked in excess of forty (40) hours per workweek, and has not been paid spread-of-hours pay for days in which Plaintiff worked more than ten (10) hours per day

and/or when there was a split shift.

### Plaintiff's Duties

45. Plaintiff has never performed any managerial or exempt functions, has always taken direction from his supervisor and his work was directed and controlled by his supervisor. Plaintiff's duties consisted of tracking the movement of the employees of Bloomberg and the expenses incurred by those employees. Plaintiff did not have any supervisory functions and earned a flat yearly salary None of the work engaged in by Plaintiff involved the exercise of discretion and independent judgment with respect to matters of significance.

46. Bloomberg is aware that Plaintiff work regularly more than forty (40) hours in a workweek as well as more than ten (10) hours on many workdays beginning from the time Plaintiff first became employed at Bloomberg until the day he was terminated, but Bloomberg never payed Plaintiff overtime or spread-of-hours pay.

### FIRST CLAIM FOR RELIEF

47. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 46 of this Complaint with the same force and effect as if set forth herein.

48. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000*e et seq.,*.

49. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal1aw.

50. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish

and humiliation, and will continue to so suffer unless and until this Court grants relief

## SECOND CLAIM FOR RELIEF

51. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 50 of this Complaint with the same force and effect as if set forth herein.

52. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of race in violation of New York State Executive Law § 296 *et seq*.

53. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York State1aw.

54. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## THIRD CLAIM FOR RELIEF

55. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 54 of this Complaint with the same force and effect as if set forth herein.

56. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of race in violation of The New York City Administrative Code.

57. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State1aw.

58. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

**FOURTH CLAIM FOR RELIEF**

59.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 58 of this Complaint with the same force and effect as if set forth herein.

60.     Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his gender in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000*e et seq.,*.

61.     Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal1aw.

62.     Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

**FIFTH CLAIM FOR RELIEF**

63.     Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth herein.

64.     Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of his gender in violation of New York State Executive Law §296 *et seq*.

65.     Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York State1aw.

66.     Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

## SIXTH CLAIM FOR RELIEF

67. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 66 of this Complaint with the same force and effect as if set forth herein.

68. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of gender in violation of the New York City Administrative Code.

69. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State1aw.

70. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## SEVENTH CLAIM FOR RELIEF

71. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 70 of this Complaint with the same force and effect as if set forth herein.

72. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of his age in violation of the ADEA.

73. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under federal1aw.

74. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

## EIGHTH CLAIM FOR RELIEF

75. Plaintiff repeats and realleges each and every allegation contained in

Paragraphs 1 through 74 of this Complaint with the same force and effect as if set forth herein.

76. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of her employment on the basis of his age in violation of New York State Executive Law §296 *et seq*.

77. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under New York State1aw.

78. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief

### NINTH CLAIM FOR RELIEF

79. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 78 of this Complaint with the same force and effect as if set forth herein.

80. Defendants have discriminated against Plaintiff in the terms, conditions and privileges of his employment on the basis of age in violation of the New York City Administrative Code.

81. Defendants engaged in these discriminatory practices with notice of such practices and with malice and reckless indifference to Plaintiff's rights protected under State1aw.

82. Plaintiff suffered and is suffering irreparable injury and monetary damages as a result of Defendants' acts and discriminatory practices, as well as mental distress and anguish and humiliation, and will continue to so suffer unless and until this Court grants relief.

### TENTH CLAIM FOR RELIEF

83. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 82 of this Complaint with the same force and effect as if set forth herein.

84. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

85. At all relevant times, Plaintiff wase engaged in commerce and/or the production of goods for commerce or were employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203, 206(a) and 207(a).

86. The federal overtime pay provisions set forth in §§ 201 *et seq.,* of the FLSA apply to Defendant.

87. At all relevant times, Plaintiff met the definition of an employee within the meaning of 29 U.S.C. §§ 203(e) and 207(a) and was not subject to any applicable exemptions or exclusions.

88. At all times relevant, Defendant has been an employer engaged in commerce and/or the production or sale of goods for commerce or in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(d), 206(a), and 207(a).

89. At all relevant times, Defendant knowingly failed to pay Plaintiff overtime pay to which they were entitled under the FLSA.

90. Defendant failed to keep accurate records of the hours that Plaintiff worked.

91. Defendant's violations of the FLSA, as described in this Complaint, have been willful and intentional. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff..

92. Because Defendant's violations of the FLSA have been willful, a three-

year statute of limitations applies, pursuant to 29 U.S.C. § 255.

93. As a result of Defendant's willful violations of the FLSA, Plaintiff have suffered damages by being denied the overtime wages and other wages to which they were entitled under the FLSA in accordance with 29 U.S.C. §§ 201 et seq.

94. As a result of the Defendant's unlawful acts, Plaintiff have been deprived of the overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §216(b).

## ELEVENTH CLAIM FOR RELIEF

95. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 94 of this Complaint with the same force and effect as if set forth herein.

96. Defendant failed to make, keep, and preserve accurate records with respect to Plaintiff as required by the FLSA, including hours worked each workday and total hours worked each workweek, as required under 29 U.S.C. § 211(c) and supporting federal regulations.

97. Defendant's failure to make, keep, and preserve accurate records was willful.

## TWELTH CLAIM FOR RELIEF

98. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 97 of this Complaint with the same force and effect as if set forth herein.

99. At all relevant times, Plaintiff has been an employee, since he was not subject to any applicable exemptions or exclusions, and Defendant has been an employer within the meaning of the New York Labor Law.

100. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendant under the NYLL Article 19, *§§ 650 et seq.,* and the supporting N.Y.C.R.R., including, but not limited to, title. 12, Part 142-2 *et seq.*

101. Defendant failed to pay Plaintiff the overtime wages to which he was eligible and entitled under the New York Labor Law.

102. By Defendant's failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, *§§ 650 et seq.,* and the supporting New York State Department of Labor Regulations, including, but not limited to, the regulations in 12 N.Y.C.R.R. Part 142-2 *et seq.*

103. Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

### THIRTEENTH CLAIM FOR RELIEF

104. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 103 of this Complaint with the same force and effect as if set forth herein

105. Consistent with their policy and pattern or practice, Defendant has willfully failed to pay Plaintiff additional compensation to which he was eligible and entitled of one hour's pay at the basic minimum hourly wage rate for each day during which he worked more than ten (10) hours and/or there was a split shift.

106.   By Defendant's failure to pay Plaintiff spread-of-hours pay, Defendant has willfully violated the NYLL Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including, but not limited to, 12 N.Y.C.R.R. § 142-4 *et seq.*

107.   Due to Defendant's violations of the New York Labor Law, Plaintiff is entitled to recover from Defendant his unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## FOURTEENTH CLAIM FOR RELIEF

108.   Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 107 of this Complaint with the same force and effect as if set forth herein

109.   Defendant failed to make, keep, and preserve accurate records with respect to Plaintiffs, including hours worked each workday and total hours worked each workweek, as required by NYLL Article 19, *§§ 650 et seq.,* and supporting regulations, including, but not limited to, 12 N.Y.C.R.R § 142-6 *et seq.*

110.   Defendant failed to furnish Plaintiffs a statement with every payment of wages listing hours worked, rates paid and gross wages in violation of the NYLL and supporting New York State Department of Labor Regulations including, but not limited to, 12 N.Y.C.R.R. § 142-6 *et seq.*

111.   Defendant's failure to make, keep, and preserve accurate records was willful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that his Court enter judgment:

a)   declaring that the acts and practices complained of herein are in violation of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000*e et seq.,* the New York State Executive Law §296 *et seq.*, the New York City Administrative Code Title 8, §8-107 *et seq.,* the ADEA .

b) enjoining and permanently restraining these violations;

c) directing Defendants to take such affirmative action as necessary to ensure that the effects of these unlawful acts and discriminatory employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

d) directing Defendants to pay Plaintiff compensatory damages, and damages for his mental anguish, mental distress, humiliation, loss of reputation, and interest thereon, and all such other damages and remedies as may be available to the Plaintiff;

e). awarding of unpaid overtime pay for which Plaintiff is eligible along with an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.,* and the supporting United States Department of Labor regulations;

f). issuance of a declaratory judgment that the practices complained of in this Complaint are unlawful under the NYLL, Article 19, §§ 650 *et seq.,* and the supot1ing New York State Department of Labor regulations;

g). awarding of unpaid overtime pay and liquidated damages pursuant to NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

h) Unpaid spread-of-hours pay and liquidated damages, pursuant to NYLL Article 19, §§ 650 *et seq.,* and the supporting New York State Department of Labor regulations;

i) Pre-judgment interest;

j) An injunction requiring Defendant to pay all statutorily-required wages pursuant to the New York Labor Law;

k) awarding Plaintiff the costs and disbursements of this action, together with reasonable attorneys' fees, including, without limitation, all such fees as are provided by applicable law;

l) awarding Plaintiff punitive damages against Defendant;

m) retaining jurisdiction over this matter to assure full compliance with any Order of this Court; and

n) granting such other and further relief as to this Court seems just and proper.

## DEMAND FOR A TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: New York, New York
March 6, 2015

    Kenneth W. Richardson, Esq.(KR-8701)
    Attorney for Plaintiff
    305 Broadway, Suite 801
    New York, NY 10007
    (212) 962-4277
    Facsimile: (212) 619-1358

.